ROB BONTA, State Bar No. 202668
Attorney General of California
R. MATTHEW WISE, State Bar No. 238485
Supervising Deputy Attorney General
CHRISTINA R.B. LÓPEZ, State Bar No. 312610
Deputy Attorney General
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013-1230
  Telephone: (213) 269-6106
  Fax: (916) 324-8835
  E-mail: Christina.Lopez@doj.ca.gov
*Attorneys for Defendant Rob Bonta, in his official capacity as Attorney General of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KNIFE RIGHTS, INC., ELIOT KAAGAN, JIM MILLER, GARRISON HAM, NORTH COUNTY SHOOTING CENTER, INC., and PWGG L.P.,**<br><br>Plaintiffs,<br><br>v.<br><br>**CALIFORNIA ATTORNEY GENERAL ROB BONTA, SAN DIEGO COUNTY SHERIFF KELLY MARTINEZ, AND SAN DIEGO COUNTY DISTRICT ATTORNEY SUMMER STEPHAN,**<br><br>Defendants. | 3:23-cv-00474-JES-DDL<br><br>**DEFENDANT'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Judge:    The Honorable James E. Simmons, Jr.<br>Action Filed: March 15, 2023 |

Defendant Rob Bonta, in his official capacity as Attorney General of the State of California ("Defendant") submits his answer in response to Plaintiffs' Complaint for Declaratory and Injunctive Relief (the "Complaint"). Defendant hereby answers the Complaint, in paragraphs that correspond to the Complaint's paragraphs, as follows:

## INTRODUCTION[1]

1. Defendant admits that *District of Columbia v. Heller*, 554 U.S. 570 (2008), speaks for itself. Otherwise, the allegations in paragraph 1 are legal conclusions and not averments of fact to which Defendant is required to respond. To the extent a response is required, and except as specifically admitted, Defendant denies the allegations in paragraph 1.

2. Defendant admits that *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2021), speaks for itself. Otherwise, the allegations in paragraph 2 are legal conclusions and not averments of fact to which Defendant is required to respond. To the extent a response is required, and except as specifically admitted, Defendant denies the allegations in paragraph 2.

3. Defendant admits that California Penal Code sections 17235, 21510, and 21590 (the "Switchblade Laws") speak for themselves. Except as specifically admitted, Defendant denies the allegations in paragraph 3.

4. The allegations in paragraph 4 are legal conclusions and characterize Plaintiffs' claims, and are not averments of fact to which Defendant is required to respond. To the extent that a response is required, Defendant denies the allegations in paragraph 4.

5. Defendant admits that *Bruen* speaks for itself. Otherwise, the allegations in paragraph 5 characterize Plaintiffs' claims and requested relief and are not averments of fact to which Defendant is required to respond. To the extent a response is required, and except as specifically admitted, Defendant denies the allegations in paragraph 5.

---

[1] For the convenience of the Court and the parties, Defendant utilizes certain headings set forth in the Complaint. In doing so, Defendant neither admits nor denies any allegations that may be suggested by the Complaint's headings.

**PARTIES**

6. Defendant presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6, and on that basis, denies the allegations in paragraph 6. Defendant expressly denies any implication in paragraph 6 that the Switchblade Laws violate any of Plaintiff Knife Rights, Inc.'s members' right to bear arms.

7. Defendant presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7, and on that basis, denies the allegations in paragraph 7. Defendant expressly denies any implication in paragraph 7 that the Switchblade Laws violate Mr. Miller's right to bear arms.

8. Defendant presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8, and on that basis, denies the allegations in paragraph 8. Defendant expressly denies any implication in paragraph 8 that the Switchblade Laws violate Mr. Ham's right to bear arms.

9. Defendant presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9, and on that basis, denies the allegations in paragraph 9. Defendant expressly denies any implication in paragraph 9 that the Switchblade Laws violate Mr. Kaagan's right to bear arms.

10. Paragraph 10 is not an averment of fact to which Defendant is required to respond.

11. Defendant presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11, and on that basis, denies the allegations in paragraph 11. Defendant expressly denies any implication in paragraph 11 that the Switchblade Laws violate North County Shooting Center, Inc.'s and/or its customers' and/or its "would-be" customers' rights.

12. Defendant presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12, and on that basis, denies the allegations in paragraph 12. Defendant expressly denies any implication in paragraph 12 that the Switchblade Laws violate PWGG, L.P.'s and/or its customers' and/or its "would-be" customers' rights.

1      13.     Defendant admits that Rob Bonta is the Attorney General of the State of California, that the Complaint names the Attorney General as a defendant in his official capacity, that the Attorney General is the chief law enforcement officer of the State of California, and that the Attorney General and California Department of Justice maintain an office in San Diego, California. Defendant further admits that the Bureau of Firearms is responsible for regulation and enforcement actions regarding the manufacture, sales, ownership, safety training, and transfer of firearms. Defendant further admits that article V, section 13, of the California Constitution speaks for itself. Otherwise, the allegations contained in paragraph 13 are conclusions of law and not averments of fact to which Defendant is required to respond. To the extent a response is required, and except as specifically admitted, Defendant denies the allegations in paragraph 13.

       14.     Defendant presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14, and on that basis, denies the allegations in paragraph 14.

       15.     Defendant presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15, and on that basis, denies the allegations in paragraph 15.

## JURISDICTION AND VENUE

       16.     Defendant admits that this Court has jurisdiction over this action. Except as specifically admitted, Defendant denies the allegations in paragraph 16.

       17.     Defendant admits that venue is proper in this Court. Except as specifically admitted, Defendant denies the allegations in paragraph 17.

## STATEMENT OF FACTS

       18.     Defendant admits that California Penal Code sections 17235, 21510, and 21590 speak for themselves. Except as specifically admitted, Defendant denies the allegations in paragraph 18.

       19.     Defendant admits that California Penal Code section 17235 speaks for itself. Except as specifically admitted, Defendant denies the allegations in paragraph 19.

20. Defendant admits that California Penal Code section 17235 speaks for itself. Otherwise, the allegations in paragraph 20 characterize Plaintiffs' claims and are not averments of fact to which Defendant is required to respond. To the extent that a response is required, except as specifically admitted, Defendant denies the allegations in paragraph 20.

21. Defendant admits that California Penal Code section 21510 speaks for itself. Except as specifically admitted, Defendant denies the allegations in paragraph 21.

22. [The Complaint does not contain a paragraph 22.]

23. Defendant admits *In re S.C. v. S.C.*, 179 Cal. App. 4th 1436 (2009), speaks for itself. Otherwise, the allegations in paragraph 23 are legal conclusions and not averments of fact to which Defendant is required to respond. To the extent a response is required, except as specifically admitted, Defendant denies the allegations in paragraph 23.

24. Defendant admits that California Penal Code sections 18000, 18005, and 21590 speak for themselves. Except as specifically admitted, Defendant denies the allegations in paragraph 24.

25. Defendant admits that the Second Amendment to the United States Constitution and *Bruen* speak for themselves. Otherwise, the allegations in paragraph 25 are legal conclusions and not averments of fact to which Defendant is required to respond, or statements about Plaintiffs' desires for which Defendant presently lacks sufficient knowledge or information to form a belief as to their truth. To the extent a response is required, except as specifically admitted, Defendant denies the allegations in paragraph 25.

26. Defendant admits that *Bruen* speaks for itself. Otherwise, the allegations in paragraph 26 are legal conclusions and not averments of fact to which Defendant is required to respond. To the extent a response is required, except as specifically admitted, Defendant denies the allegations in paragraph 26.

27. Defendant admits that *People v. Bass*, 225 Cal. App. 2d 777 (1963), speaks for itself. Otherwise, the allegations in paragraph 27 are legal conclusions and not averments of fact to which Defendant is required to respond. To the extent a response is required, except as specifically admitted, Defendant denies the allegations in paragraph 27. Defendant expressly

denies that there is no historical pedigree nor justification in the Nation's history and tradition of arms regulation for the Switchblade Laws.

28. [The Complaint does not contain a paragraph 28.]

29. [The Complaint does not contain a paragraph 29.]

30. [The Complaint does not contain a paragraph 30.]

31. Defendant presently lacks sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 31, and on that basis, denies the allegations in paragraph 31.

32. Defendant presently lacks sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 32, and on that basis, denies the allegations in paragraph 32.

33. Defendant presently lacks sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 33, and on that basis, denies the allegations in paragraph 33. Defendant expressly denies that knives subject to the Switchblade Laws are in common use for lawful purposes such as self-defense.

34. Defendant presently lacks sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 34, and on that basis, denies the allegations in paragraph 34.

35. Defendant presently lacks sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 35, and on that basis, denies the allegations in paragraph 35. Defendant expressly denies any implication in paragraph 35 that knives subject to the Switchblade Laws enjoy constitutional protection.

36. The allegations in paragraph 36 are legal conclusions and not averments of fact to which Defendant is required to respond, or statements for which Defendant presently lacks sufficient knowledge or information to form a belief as to their truth. To the extent a response is required, except as specifically admitted, Defendant denies the allegations in paragraph 36. Defendant expressly denies any implication in paragraph 36 that the Switchblade Laws are unconstitutional.

37. The allegations in paragraph 37 are legal conclusions and characterize Plaintiffs' claims, and are not averments of fact to which Defendant is required to respond. To the extent a

1    response is required, Defendant denies the allegations in paragraph 37.  Defendant expressly
2    denies that the Switchblade Laws violate Plaintiffs' constitutional rights.
3        38.    The allegations in paragraph 38 are legal conclusions and are not averments of fact to
4    which Defendant is required to respond.  To the extent a response is required, Defendant denies
5    the allegations in paragraph 38.  Defendant expressly denies that knives subject to the
6    Switchblade Laws are in common use for lawful purposes such as self-defense, or that knives
7    subject to the Switchblade Laws are not dangerous and/or unusual.

## COUNT ONE

**DEPRIVATION OF CIVIL RIGHTS RIGHT TO KEEP AND BEAR ARMS U.S. CONST., AMENDS. II AND XIV (42 U.S.C. § 1983)**

12        39.    Defendant incorporates by reference herein the responses contained in paragraphs 1
13   through 38, inclusive.
14        40.    The allegations in paragraph 40 are legal conclusions and are not averments of fact to
15   which Defendant is required to respond, or statements for which Defendant presently lacks
16   sufficient knowledge or information to form a belief as to their truth. To the extent a response is
17   required, Defendant denies the allegations in paragraph 40.
18        41.    Defendant admits that the Second Amendment to the United States Constitution
19   speaks for itself.  Except as specifically admitted, Defendant denies the allegations in paragraph
20   41.
21        42.    Defendant admits that the Fourteenth Amendment to the United States Constitution
22   speaks for itself.  Except as specifically admitted, Defendant denies the allegations in paragraph
23   42.
24        43.    Defendant admits that the Second and Fourteenth Amendments to the United States
25   Constitution and the cited opinions in *McDonald v. City of Chicago*, 561 U. S. 742 (2010) speak
26   for themselves.  Otherwise, the allegations in paragraph 43 are legal conclusions and not
27   averments of fact to which Defendant is required to respond.  To the extent a response is required,
28   except as specifically admitted, Defendant denies the allegations in paragraph 43.

44. Defendant admits that *Heller* and the cited dictionary speak for themselves. Otherwise, the allegations in paragraph 44 are legal conclusions and not averments of fact to which Defendant is required to respond. To the extent a response is required, except as specifically admitted, Defendant denies the allegations in paragraph 44.

45. Defendant admits that *Bruen* speaks for itself. Otherwise, the allegations in paragraph 45 are legal conclusions and not averments of fact to which Defendant is required to respond. To the extent a response is required, except as specifically admitted, Defendant denies the allegations in paragraph 45.

46. Defendant admits that *Bruen* and *Caetano v. Massachusetts*, 577 U.S. 411 (2016) (per curiam), speak for themselves. Otherwise, the allegations in paragraph 46 are legal conclusions and not averments of fact to which Defendant is required to respond. To the extent a response is required, except as specifically admitted, Defendant denies the allegations in paragraph 46.

47. Defendant admits that Justice Alito's concurring opinion in *Caetano* speaks for itself. Otherwise, the allegations in paragraph 47 are legal conclusions and not averments of fact to which Defendant is required to respond. To the extent a response is required, except as specifically admitted, Defendant denies the allegations in paragraph 47.

48. Defendant admits that Justice Alito's concurring opinion in *Caetano* speaks for itself. Otherwise, the allegations in paragraph 48 are legal conclusions and not averments of fact to which Defendant is required to respond. To the extent a response is required, except as specifically admitted, Defendant denies the allegations in paragraph 48.

49. Defendant admits that *Bruen* and *Heller* speak for themselves. Otherwise, the allegations in paragraph 49 are legal conclusions and not averments of fact to which Defendant is required to respond. To the extent a response is required, except as specifically admitted, Defendant denies the allegations in paragraph 49.

50. Defendant admits that *Bruen* speaks for itself. Otherwise, the allegations in paragraph 50 are legal conclusions and not averments of fact to which Defendant is required to respond. To the extent a response is required, except as specifically admitted, Defendant denies the allegations in paragraph 50.

1      51.    The allegations in paragraph 51 are legal conclusions and are not averments of fact to which Defendant is required to respond, or statements for which Defendant presently lacks sufficient knowledge or information to form a belief as to their truth. To the extent a response is required, Defendant denies the allegations in paragraph 51.

52.    Defendant admits that *Bruen* and *Heller* speak for themselves. Otherwise, the allegations in paragraph 52 are legal conclusions and not averments of fact to which Defendant is required to respond. To the extent a response is required, except as specifically admitted, Defendant denies the allegations in paragraph 52.

53.    The allegations in paragraph 53 are legal conclusions and not averments of fact to which Defendant is required to respond. To the extent a response is required, Defendant denies the allegations in paragraph 53.

54.    The allegations in paragraph 54 are legal conclusions and not averments of fact to which Defendant is required to respond. To the extent a response is required, Defendant denies the allegations in paragraph 54.

55.    Defendant admits that *Bruen* speaks for itself. Otherwise, the allegations in paragraph 55 are legal conclusions and not averments of fact to which Defendant is required to respond. To the extent a response is required, except as specifically admitted, Defendant denies the allegations in paragraph 55.

56.    Defendant denies the allegations in paragraph 56.

57.    Defendant admits that *Bruen* speaks for itself. Otherwise, the allegations in paragraph 57 are legal conclusions and not averments of fact to which Defendant is required to respond. To the extent a response is required, except as specifically admitted, Defendant denies the allegations in paragraph 57.

58.    Defendant admits that *Heller* speaks for itself. Otherwise, the allegations in paragraph 58 are legal conclusions and not averments of fact to which Defendant is required to respond. To the extent a response is required, except as specifically admitted, Defendant denies the allegations in paragraph 58.

59. The allegations in paragraph 59 are legal conclusions and are not averments of fact to which Defendant is required to respond, or statements about Plaintiffs' desires for which Defendant presently lacks sufficient knowledge or information to form a belief as to their truth. To the extent a response is required, Defendant denies the allegations in paragraph 59. Defendant expressly denies any implication in paragraph 59 that the Switchblade Laws violate any Plaintiffs' right to bear arms.

60. The allegations in paragraph 60 are legal conclusions and are not averments of fact to which Defendant is required to respond, or statements about Plaintiffs' desires for which Defendant presently lacks sufficient knowledge or information to form a belief as to their truth. To the extent a response is required, Defendant denies the allegations in paragraph 60. Defendant expressly denies any implication in paragraph 60 that the Switchblade Laws violate any Plaintiffs' right to bear arms.

61. The allegations in paragraph 61 are legal conclusions and are not averments of fact to which Defendant is required to respond, or statements about Knife Rights, Inc.'s members' desires for which Defendant presently lacks sufficient knowledge or information to form a belief as to their truth. To the extent a response is required, Defendant denies the allegations in paragraph 61. Defendant expressly denies any implication in paragraph 61 that the Switchblade Laws violate any of Plaintiff Knife Rights, Inc.'s members' right to bear arms.

62. Defendant presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 62, and on that basis, denies the allegations in paragraph 62.

63. The allegations in paragraph 63 are legal conclusions and characterize Plaintiffs' claims, and are not averments of fact to which Defendant is required to respond. To the extent response is required, Defendant denies the allegations in paragraph 63. Defendant expressly denies having violated any of Plaintiffs' constitutional rights.

64. The allegations in paragraph 64 are legal conclusions and characterize Plaintiffs' claims and requested relief, and are not averments of fact to which Defendant is required to respond. To the extent response is required, Defendant denies the allegations in paragraph 63.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any of the relief requested in the Complaint, or any relief whatsoever. To the extent that the Prayer for Relief contains any allegations to which a response is required, Defendant denies them.

## AFFIRMATIVE DEFENSES

In addition to the foregoing responses to the allegations in the Complaint, and without admitting any allegations contained therein or taking on the burden as to any matter for which the burden falls on Plaintiffs, Defendant asserts the following affirmative defenses based on information and belief:

## FIRST AFFIRMATIVE DEFENSE

The Complaint, and the claims for relief alleged therein, fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims in this action are barred because Plaintiffs lacks standing to bring them.

## THIRD AFFIRMATIVE DEFENSE

The Complaint, and each claim for relief alleged therein, is barred by the equitable doctrines of estoppel, laches, unclean hands, and/or waiver.

## FOURTH AFFIRMATIVE DEFENSE

To the extent Defendant has undertaken any conduct with respect to the subjects and events underlying the Complaint, such conduct was, at all times material thereto, undertaken in good faith and in reasonable reliance on existing law.

## FIFTH AFFIRMATIVE DEFENSE

Defendant has not knowingly or intentionally waived any applicable affirmative defense. Defendant reserves the right to assert and rely upon additional affirmative defenses to the extent they are applicable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that:

1. Plaintiffs take nothing by reason of their Complaint;

2. Judgment be entered in favor of Defendant and adverse to Plaintiffs;

3. Defendant be awarded costs incurred in defending this action; and

4. Defendant be awarded such further relief that the Court may deem just and proper.

Dated:  June 2, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General

*s/ Christina R.B. López*
CHRISTINA R.B. LÓPEZ
Deputy Attorney General
*Attorneys for Defendant Rob Bonta, in his official capacity as Attorney General of the State of California*