CLAUDIA G. SILVA, County Counsel (SBN 167868)
Office of County Counsel, County of San Diego
TIMOTHY M. WHITE, Senior Deputy (SBN 220847)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531- 5850; Fax: (619) 531-6005
E-mail: Timothy.white@sdcounty.ca.gov

Attorneys for Defendants Kelly Martinez, in her official capacity as Sheriff for the County of San Diego, and Summer Stephan, in her official capacity as District Attorney for the County of San Diego

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

KNIFE RIGHTS, INC., ELIOT KAAGAN, JIM MILLER, GARRISON HAM, NORTH COUNTY SHOOTING CENTER, INC., and PWGG LP.,

    Plaintiffs,

    v.

CALIFORNIA ATTORNEY GENERAL ROB BONTA, SAN DIEGO COUNTY SHERIFF KELLY MARTINEZ, AND SAN DIEGO COUNTY DISTRICT ATTORNEY SUMMER STEPHAN,

    Defendants.

No. 23-cv-0474-JES-DDL

**ANSWER OF DEFENDANT KELLY MARTINEZ, IN HER OFFICIAL CAPACITY AS SHERIFF FOR THE COUNTY OF SAN DIEGO, AND DEFENDANT SUMMER STEPHAN, IN HER OFFICIAL CAPACITY AS DISTRICT ATTORNEY FOR THE COUNTY OF SAN DIEGO, TO PLAINTIFFS' COMPLAINT**

**[DEMAND FOR JURY TRIAL]**

Courtroom:  4B
Judge:       Hon. James E. Simmons, Jr.

Action Filed: March 15, 2023
Trial Date:   None Set

Defendants Sheriff Kelly Martinez and District Attorney Summer Stephan (collectively, the "County Defendants"), all sued in their official capacity only, hereby answer Plaintiffs' Complaint filed in this action, as follows:

## ANSWER

## INTRODUCTION[1]

1.     Paragraph 1 contains purported statements or conclusions of law that do not require any response. To the extent the paragraph cites or purportedly quotes text from a judicial decision, statute, or regulation, the publicly-available source speaks for itself.

2.     Paragraph 2 contains purported statements or conclusions of law that do not require any response. To the extent the paragraph cites or purportedly quotes text from a judicial decision, statute, or regulation, the publicly-available source speaks for itself.

3.     Paragraph 3 contains purported statements or conclusions of law that do not require any response. To the extent the paragraph cites or purportedly quotes text from a judicial decision, statute, or regulation, the publicly-available source speaks for itself.

4.     Paragraph 4 contains purported statements or conclusions of law that do not require any response. To the extent a response is required, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same.

5.     Paragraph 5 contains purported statements or conclusions of law that do not require any response. To the extent the paragraph cites or purportedly quotes text from a judicial decision, statute, or regulation, the publicly-available source speaks for itself. To the extent a response is required, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same.

## PARTIES

6.     In answer to paragraph 6, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same.

---

[1] The headers in this Answer are taken from Plaintiffs' Complaint, and are set forth herein for ease of reference. County Defendants do not adopt, or intend to signal any agreement with, any statement or position expressed in any of the Complaint's headers.

7.      In answer to paragraph 7, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same.

8.      In answer to paragraph 8, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same.

9.      In answer to paragraph 9, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same.

10.     Paragraph 10 contains purported statements or conclusions of law that do not require any response.

11.     In answer to paragraph 11, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same.

12.     In answer to paragraph 12, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same.

13.     Paragraph 13 contains purported statements or conclusions of law that do not require any response. To the extent a response is required, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same.

14.     Paragraph 14 contains purported statements or conclusions of law that do not require any response. County Defendants admit that Kelly Martinez is the elected Sheriff for the County of San Diego.

15.     Paragraph 15 contains purported statements or conclusions of law that do not require any response. County Defendants admit that Summer Stephan is the District Attorney for the County of San Diego.

## JURISDICTION AND VENUE

16.     Paragraph 16 contains purported statements or conclusions of law that do not require any response.

17.     Paragraph 17 contains purported statements or conclusions of law that do not require any response.

///

### STATEMENT OF FACTS

18.     Paragraph 18 contains purported statements or conclusions of law that do not require any response. To the extent the paragraph cites or purportedly quotes text from a judicial decision, statute, or regulation, the publicly-available source speaks for itself.

19.     Paragraph 19 contains purported statements or conclusions of law that do not require any response. To the extent the paragraph cites or purportedly quotes text from a judicial decision, statute, or regulation, the publicly-available source speaks for itself.

20.     Paragraph 20 contains purported statements or conclusions of law that do not require any response. To the extent the paragraph cites or purportedly quotes text from a judicial decision, statute, or regulation, the publicly-available source speaks for itself.

21.     Paragraph 21 contains purported statements or conclusions of law that do not require any response. To the extent the paragraph cites or purportedly quotes text from a judicial decision, statute, or regulation, the publicly-available source speaks for itself.

22.     [The Complaint does not contain a paragraph 22.]

23.     Paragraph 23 contains purported statements or conclusions of law that do not require any response. To the extent the paragraph cites or purportedly quotes text from a judicial decision, statute, or regulation, the publicly-available source speaks for itself. To the extent a response is required, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same.

24.     Paragraph 24 contains purported statements or conclusions of law that do not require any response. To the extent the paragraph cites or purportedly quotes text from a judicial decision, statute, or regulation, the publicly-available source speaks for itself. To the extent a response is required, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same.

25.     In answer to paragraph 25, with respect to the portion of the second sentence stating "Plaintiffs desire to keep and bear these arms for self-defense and other lawful purposes," County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same. With respect to the remaining portions

of paragraph 25, the paragraph contains purported statements or conclusions of law that do not require any response. To the extent the paragraph cites or purportedly quotes text from a judicial decision, statute, or regulation, the publicly-available source speaks for itself. To the extent a response is required, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same.

26.     Paragraph 26 contains purported statements or conclusions of law that do not require any response. To the extent the paragraph cites or purportedly quotes text from a judicial decision, statute, or regulation, the publicly-available source speaks for itself.

27.     Paragraph 27 contains purported statements or conclusions of law that do not require any response. To the extent the paragraph cites or purportedly quotes text from a judicial decision, statute, or regulation, the publicly-available source speaks for itself. To the extent a response is required, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same.

28.     [The Complaint does not contain a paragraph 28.]

29.     [The Complaint does not contain a paragraph 29.]

30.     [The Complaint does not contain a paragraph 30.]

31.     In answer to paragraph 31, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same. To the extent the paragraph cites or purportedly quotes text from a judicial decision, statute, regulation, book, or article, the publicly-available source speaks for itself.

32.     In answer to paragraph 32, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same. To the extent the paragraph cites or purportedly quotes text from a judicial decision, statute, regulation, book, or article, the publicly-available source speaks for itself.

33.     In answer to paragraph 33, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same.

34.     Paragraph 34 contains purported statements or conclusions of law that do not require any response. To the extent a response is required, County Defendants lack

sufficient information and knowledge to admit or deny the allegations, and therefore deny the same.

35.     In answer to paragraph 35, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same.

36.     In answer to paragraph 36, with respect to the first sentence, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same. The remainder of paragraph 36 contains purported statements or conclusions of law that do not require any response. To the extent the paragraph cites or purportedly quotes text from a judicial decision, statute, regulation, book, or article, the publicly-available source speaks for itself. To the extent a response is required, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same.

37.     Paragraph 37 contains purported statements or conclusions of law that do not require any response. To the extent a response is required, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same.

38.     In answer to paragraph 38, with respect to the first sentence, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same. The remainder of paragraph 38 contains purported statements or conclusions of law that do not require any response. To the extent a response is required, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same.

## COUNT ONE
### DEPRIVATION OF CIVIL RIGHTS
### RIGHT TO KEEP AND BEAR ARMS
### U.S. CONST., AMENDS. II AND XIV
### (42 U.S.C. § 1983)

39.     County Defendants incorporate their responses to all previous paragraphs as if fully set forth herein.

40.     Paragraph 40 contains purported statements or conclusions of law that do not require any response. To the extent a response is required, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same.

41.     Paragraph 41 contains purported statements or conclusions of law that do not require any response. To the extent the paragraph cites or purportedly quotes text from a judicial decision, constitutional provision, statute, or regulation, the publicly-available source speaks for itself.

42.     Paragraph 42 contains purported statements or conclusions of law that do not require any response. To the extent the paragraph cites or purportedly quotes text from a judicial decision, constitutional provision, statute, or regulation, the publicly-available source speaks for itself.

43.     Paragraph 43 contains purported statements or conclusions of law that do not require any response. To the extent the paragraph cites or purportedly quotes text from a judicial decision, constitutional provision, statute, or regulation, the publicly-available source speaks for itself.

44.     Paragraph 44 contains purported statements or conclusions of law that do not require any response. To the extent the paragraph cites or purportedly quotes text from a judicial decision, constitutional provision, statute, regulation, or dictionary, the publicly-available source speaks for itself.

45.     Paragraph 45 contains purported statements or conclusions of law that do not require any response. To the extent the paragraph cites or purportedly quotes text from a judicial decision, constitutional provision, statute, or regulation, the publicly-available source speaks for itself.

46.     Paragraph 46 contains purported statements or conclusions of law that do not require any response. To the extent the paragraph cites or purportedly quotes text from a judicial decision, constitutional provision, statute, or regulation, the publicly-available source speaks for itself.

47.     Paragraph 47 contains purported statements or conclusions of law that do not require any response. To the extent the paragraph cites or purportedly quotes text from a judicial decision, constitutional provision, statute, or regulation, the publicly-available source speaks for itself.

48.     Paragraph 48 contains purported statements or conclusions of law that do not require any response. To the extent the paragraph cites or purportedly quotes text from a judicial decision, constitutional provision, statute, or regulation, the publicly-available source speaks for itself.

49.     Paragraph 49 contains purported statements or conclusions of law that do not require any response. To the extent the paragraph cites or purportedly quotes text from a judicial decision, constitutional provision, statute, or regulation, the publicly-available source speaks for itself.

50.     Paragraph 50 contains purported statements or conclusions of law that do not require any response. To the extent the paragraph cites or purportedly quotes text from a judicial decision, constitutional provision, statute, or regulation, the publicly-available source speaks for itself. To the extent a response is required, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same.

51.     In answer to paragraph 51, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same.

52.     Paragraph 52 contains purported statements or conclusions of law that do not require any response. To the extent the paragraph cites or purportedly quotes text from a judicial decision, constitutional provision, statute, or regulation, the publicly-available source speaks for itself. To the extent a response is required, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same.

53.     Paragraph 53 contains purported statements or conclusions of law that do not require any response. To the extent a response is required, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same.

54.     Paragraph 54 contains purported statements or conclusions of law that do not require any response. To the extent a response is required, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same.

55.     Paragraph 55 contains purported statements or conclusions of law that do not require any response. To the extent the paragraph cites or purportedly quotes text from a judicial decision, constitutional provision, statute, or regulation, the publicly-available source speaks for itself. To the extent a response is required, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same.

56.     Paragraph 56 contains purported statements or conclusions of law that do not require any response. To the extent a response is required, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same. County Defendants deny that they have violated Plaintiffs' constitutional rights.

57.     Paragraph 57 contains purported statements or conclusions of law that do not require any response. To the extent the paragraph cites or purportedly quotes text from a judicial decision, constitutional provision, statute, or regulation, the publicly-available source speaks for itself.

58.     Paragraph 58 contains purported statements or conclusions of law that do not require any response. To the extent the paragraph cites or purportedly quotes text from a judicial decision, constitutional provision, statute, or regulation, the publicly-available source speaks for itself.

59.     In answer to paragraph 59, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same.

60.     In answer to paragraph 60, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same.

61.     In answer to paragraph 61, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same.

62.     In answer to paragraph 62, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same.

63.     Paragraph 63 contains purported statements or conclusions of law that do not require any response. To the extent a response is required, County Defendants lack sufficient information and knowledge to admit or deny the allegations, and therefore deny the same. County Defendants deny that they have violated Plaintiffs' constitutional rights.

64.     The remainder of paragraph 64 contains purported statements or conclusions of law that do not require any response; but to the extent a response is required, County Defendants deny the factual allegations in the paragraph, including any allegation that they have violated Plaintiffs' constitutional rights or caused Plaintiffs any damages.

### ANSWER TO PLAINTIFFS' PRAYER FOR RELIEF

County Defendants deny that Plaintiffs are entitled to any relief from or against County Defendants whatsoever (e.g., equitable or legal, including injunctive relief, declaratory relief, nominal damages, or attorneys' fees), whether or not requested in the Complaint. To the extent the Prayer for Relief contains any allegations to which a response is required, County Defendants deny them.

### AFFIRMATIVE DEFENSES

In addition to the foregoing responses to the allegations in the Complaint, and without admitting any allegations contained therein or taking on the burden as to any matter for which the burden falls on Plaintiffs, County Defendants assert the following affirmative defenses based on information and belief.

### First Defense

The Complaint fails to allege facts sufficient to constitute a cause of action against County Defendants.

### Second Defense

To the extent Plaintiffs seek to hold County Defendants liable for enforcing the laws enacted by the State, or to the extent that Plaintiffs' claims and request for damages

against County Defendants arise from the terms of the State's laws, those claims and requests for damages are barred under the doctrine of sovereign immunity and/or the Eleventh Amendment.

### Third Defense

To the extent Plaintiffs seek to hold County Defendants liable for enforcing the laws enacted by the State, or to the extent that Plaintiffs' claims and request for damages against County Defendants arise from the terms of the State's laws, County Defendants cannot be held liable under 42 U.S.C. § 1983 and *Monell*, as enforcing State law is not a "policy" under *Monell*, and no County "policy" has caused Plaintiffs any damages or has caused the violation of Plaintiffs' rights under federal law.

### Fourth Defense

The complaint fails to state a federal civil rights claim against County Defendants under the doctrine announced in *Monell v. Department of Social Services,* 436 U.S. 658 (1978).

### Fifth Defense

The claims asserted in the Complaint are barred because, and to the extent, Plaintiffs lack standing to assert the claims in the Complaint.

### Sixth Defense

County Defendants allege they are not liable for alleged violations or federal statutory or constitutional rights by non-policymakers, or by policymakers who are acting on behalf of an entity other than the County of San Diego.

### Seventh Defense

County Defendants are immune from liability for the damages alleged because their involvement, if any, was required by State law.

### Eighth Defense

The Complaint, and each claim for relief alleged therein, is barred by the equitable doctrines of estoppel, laches, unclean hands, and/or waiver.

///

### Ninth Defense

To the extent County Defendants have undertaken any conduct with respect to the subjects and events underlying the Complaint, such conduct was, at all times material thereto, undertaken and discharged in good faith and in reasonable reliance on existing law.

### Tenth Defense

Because the Complaint is pleaded in conclusory terms, all affirmative defenses that may be applicable to this action cannot be fully anticipated. County Defendants have not knowingly or intentionally waived any applicable affirmative defense. County Defendants reserve the right to assert additional affirmative defenses, if and to the extent such affirmative defenses are applicable.

WHEREFORE, defendants Sheriff Kelly Martinez and District Attorney Summer Stephan, sued only in their official capacity, request a trial by jury and pray:

1.      That the Complaint and all claims therein as to County Defendants be dismissed with prejudice;

2.      That Plaintiffs take nothing against County Defendants by this action;

3.      That the equitable relief requested be denied;

4.      That judgment be entered against Plaintiffs and in favor of County Defendants;

5.      That County Defendants be awarded reasonable costs and expenses incurred in this action; and

6       That this Court grant County Defendants such other and further relief as the Court deems just and proper.

DATED: June 2, 2023                 CLAUDIA G. SILVA, County Counsel


By: s/*Timothy M. White*
   TIMOTHY M. WHITE , Senior Deputy
Attorneys for Defendants Kelly Martinez, in her
official capacity as Sheriff for the County of San
Diego, and Summer Stephan, in her official capacity
as District Attorney for the County of San Diego
E-mail: Timothy.White@sdcounty.ca.gov

11