ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General
JANE REILLEY
Deputy Attorney General
KATRINA UYEHARA
Deputy Attorney General
State Bar No. 349378
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7867
  Fax: (916) 324-8835
  E-mail: Katrina.Uyehara@doj.ca.gov
*Attorneys for Defendant Rob Bonta, in his
official capacity as Attorney General of the
State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KNIFE RIGHTS, INC., ELIOT KAAGAN, JIM MILLER, GARRISON HAM, NORTH COUNTY SHOOTING CENTER, INC., and PWGG L.P.,**<br><br>Plaintiffs,<br><br>v.<br><br>**CALIFORNIA ATTORNEY GENERAL ROB BONTA,**<br><br>Defendant. | 3:23-cv-00474-JES-DDL<br><br>**DEFENDANT ATTORNEY GENERAL ROB BONTA'S OBJECTIONS TO REBUTTAL REPORT AND DECLARATION OF DAVID T. HARDY**<br><br>Date:        April 22, 2024<br>Time:       10:00 a.m.<br>Dept:       4B<br>Judge:      The Honorable James E. Simmons, Jr.<br>Trial Date:  None set<br>Action Filed: March 15, 2023 |

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INTRODUCTION**

David T. Hardy—an attorney in private practice and Plaintiffs' purported expert historian—submitted a 22-page declaration in response to the testimony of Defendants' experts Dr. Robert Spitzer and Dr. Brennan Gardner Rivas.  Although that declaration contains substantive defects, the objections below focus solely on Mr. Hardy's legal conclusions about how to interpret various Supreme Court decisions, including *New York Rifle and Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).  Because such testimony is plainly inadmissible, it should be disregarded and stricken from the record.  *See United States v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015) ("[A]n expert cannot testify to a matter of law amounting to a legal conclusion.").

**LEGAL STANDARD**

Federal Rule of Evidence 702 permits expert testimony only from a witness who is "qualified as an expert by knowledge, skill, experience, training, or education."  General qualifications as an expert are not sufficient; rather, an expert witness must be qualified in the specific subject for which their testimony is offered.  *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590-92 (1993).  Rule 702 also "places limits on the areas of expertise and the methodologies of analysis which may be covered and used by an expert witness."  *DSU Med. Corp. v. JMS Co., Ltd.*, 296 F. Supp. 2d 1140, 1146 (N.D. Cal. 2003).  While expert testimony is not necessarily objectionable "just because it embraces an ultimate issue," Fed. R. Evid. 704(a), this exception does not extend to testimony on an ultimate issue of law.  *See United States v. Diaz*, 876 F. 3d 1194, 1197 (9th Cir. 2017) ("Consistent with Rule 704(a), this court has repeatedly affirmed that an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law." (quotation marks omitted)); *see also Aguilar v. Int'l. Longshoremen's Union Local #10*, 966 F.2d 443, 447 (9th Cir. 1992) (holding that "matters of law for the court's determination" are "inappropriate subjects for expert

2

testimony").

## ARGUMENT

Defendant objects to the following portions of the Rebuttal Declaration of David T. Hardy, which is attached as Exhibit "AE" to the Appendix in Support of Plaintiffs' Motion for Summary Judgment.  These portions of Mr. Hardy's Declaration purport to interpret (and frequently misinterpret) case law, and thus constitute improper legal conclusions:

- Paragraph 5 in its entirety.
- Paragraph 6 in its entirety.
- Paragraph 7 in its entirety.
- Paragraph 8 in its entirety.
- Paragraph 9 in its entirety (including footnote 1).
- Paragraph 10 in its entirety.
- Paragraph 11, with the exception of the second, third, and fourth sentences.
- The second sentence of Paragraph 15.
- The last sentence of Paragraph 15.
- The portion of Paragraph 17 that reads: "and not to be considered under *Bruen. Bruen*, 142 S. Ct. 2111, 2136-37, 2153-54 (2022)."
- The portion of Paragraph 19 that begins with "Aside from" and ends with "regulation."
- The third sentence of Paragraph 23.
- The last sentence of Paragraph 23.
- The first sentence of Paragraph 28.
- The second sentence of Paragraph 31.
- Paragraph 37, with the exception of the first and last sentences.
- Paragraph 38, with the exception of the first and second sentences.
- The following portions of Mr. Hardy's "Conclusions" section:

3

1      o      Mr. Hardy's characterization of 1776-1870 as "the relevant
2             period."
3      o      The portion of Mr. Hardy's third conclusion that begins with
4             "and we know" and ends with "switchblades."
5      o      The portion of Mr. Hardy's fourth conclusion that begins with
6             "rendering" and ends with "ratification."
7      Because such testimony invades the province of the Court, it should be
8  disregarded and stricken from the record.  *See Tamman*, 782 F. 3d at 552; *Diaz*, 876
9  F. 3d at 1197.

10                          **CONCLUSION**

11     Defendant respectfully requests that this Court sustain the above objections
12 to the Rebuttal Declaration of David T. Hardy and strike the challenged testimony
13 from the record.

14

15 Dated: April 8, 2024                    Respectfully submitted,

16                                         ROB BONTA
                                           Attorney General of California
17                                         R. MATTHEW WISE
                                           Supervising Deputy Attorney General
18                                         JANE REILLEY
                                           Deputy Attorney General
19

20

21                                         */s/ Katrina Uyehara*
                                           KATRINA UYEHARA
22                                         Deputy Attorney General
                                           *Attorneys for Defendant Rob Bonta, in*
23                                         *his official capacity as Attorney*
                                           *General of the State of California*
24

25

26

27

28

Objections to Hardy Rebuttal Report and Declaration (3:23-cv-00474-JES-DDL)