John W. Dillon (SBN 296788)
jdillon@dillonlawgp.com
**DILLON LAW GROUP APC**
2647 Gateway Road
Suite 105, No. 255
Carlsbad, California 92009
Phone: (760) 642-7150
Fax: (760) 642-7151

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KNIFE RIGHTS, INC., ELIOT KAAGAN, JIM MILLER, GARRISON HAM, NORTH COUNTY SHOOTING CENTER, INC., and PWGG L.P., <br><br> Plaintiffs, <br><br> vs. <br><br> CALIFORNIA ATTORNEY GENERAL ROB BONTA, ET AL., <br><br> Defendants. | Case No. 23-CV-0474-JES-DDL <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT'S OBJECTIONS TO REBUTTAL REPORT AND DECLARATION OF DAVID T. HARDY** <br><br> Date:         April 22, 2024 <br> Time:        10:00 a.m. <br> Dept:        4B <br> Judge:      The Honorable James E. Simmons, Jr. <br> Trial Date:   None set <br> Action filed:  March 15, 2023 |

## I.   INTRODUCTION

Plaintiffs submit this opposition to Defendant's objections to the rebuttal report and declaration of David T. Hardy, filed March 6, 2024. Defendant objections are improper, as Mr. Hardy's report and the opinions contained in the report are based on his experience and expertise as both an attorney and a Second Amendment historian. Notably, Defendant does not object to Mr. Hardy's expertise in either respect. Instead, Defendant claims that certain of Mr. Hardy's expert opinions consist of inadmissible legal conclusions. Not so.

## II.   ARGUMENT

Plaintiffs provide the following responses to specific portions of Defendant's objections to the rebuttal declaration of David T. Hardy.

**Opposition to objections to Paragraphs 5, 6, 7, and 8 "in [their] entirety:"** The objections are without merit. Mr. Hardy's statements are foundational and provide the basis for his expert opinion based on his knowledge, skill, experience, training, and education, all of which is permissible under Federal Rule of Evidence 702.

**Opposition to objection to "Paragraph 9 in its entirety:"** The objection is without merit. Mr. Hardy's statements are foundational and provide the basis for his expert opinion, based on his knowledge, skill, experience, training, and education, all of which is permissible under Federal Rule of Evidence 702. Mr. Hardy's statements provide historical facts regarding whether the Supreme Court originally treated the Bill of Rights as binding to the states. His statements also a provide factual summary of whether state courts ever applied the Bill of Rights to state law in the context of the Second Amendment. Mr. Hardy's statements discuss historical facts, not legal conclusions.

**Opposition to objection to "Paragraph 10 in its entirety:"** The objection

is without merit. Mr. Hardy's statements are foundational and provide the basis for his expert opinion, based on his knowledge, skill, experience, training, and education, all of which is permissible under Federal Rule of Evidence 702. Moreover, the statements made in paragraph 10 provide an historical summary of the whether certain states had constitutional rights guarantees in their state constitutions or whether certain states placed limitations on their arms guarantees within their state constitutions. Mr. Hardy's statements discuss historical facts, not legal conclusions.

**Opposition to objection to "Paragraph 11, with the exception of the second, third, and fourth sentences:"** The objection is without merit. Mr. Hardy's statements are foundational and provide the basis for his expert opinion, based on his knowledge, skill, experience, training, and education, all of which is permissible under Federal Rule of Evidence 702. Mr. Hardy's statements provide his expert opinion on whether restrictions for pistols or blunt weapons are factually analogous to regulations on knives.

**Opposition to objection to "The second sentence of Paragraph 15:"** The objection is without merit. Mr. Hardy's statements are foundational and provide the basis for his expert opinion, based on his knowledge, skill, experience, training, and education, all of which is permissible under Federal Rule of Evidence 702.

**Opposition to objection to the "last sentence of Paragraph 15:"** The objection is without merit. Mr. Hardy's statements focus on his expert opinion in responding to Professor Spitzer's highly generalized interpretation that any historical arms restriction on one specific issue justifies outright prohibitions on arms. After reviewing the historical record provided by Mr. Spitzer, Mr. Hardy's disagrees with Spitzer's unsupported conclusion.

**Opposition to objection to the "portion of Paragraph 17 that reads:** "and

not to be considered under *Bruen*. *Bruen*, 142 S. Ct. 2111, 2136-37, 2153-54 (2022):" The objection is without merit. Mr. Hardy's statements are foundational and provide the basis for his expert opinion, based on his knowledge, skill, experience, training, and education, all of which is permissible under Federal Rule of Evidence 702.

**Opposition to objection to portions of Paragraphs 19, 23, and 28:** The objections are without merit. Mr. Hardy's statements are foundational and provide the basis for his expert opinion, based on his knowledge, skill, experience, training, and education, all of which is permissible under Federal Rule of Evidence 702.

**Opposition to objection to "The second sentence of Paragraph 31:"** The objection is without merit. Mr. Hardy's statements are foundational and provides the basis for his expert opinion, based on his knowledge, skill, experience, training, and education, all of which is permissible under Federal Rule of Evidence 702. Moreover, Mr. Hardy's statement, "the time period is also inconsistent with *Bruen*," is not a legal conclusion, but a factual statement comparing the time periods reviewed by the Supreme Court in *Bruen* with the time period presented by Defendant's expert.

**Opposition to objections to portions of paragraphs 37 and 38:** The objection is without merit. Mr. Hardy's statements are foundational and provide the basis for his expert opinion based on his knowledge, skill, experience, training, and education, all of which is permissible under Federal Rule of Evidence 702.

**Opposition to objection to "Mr. Hardy's characterization of 1776-1870 as the 'relevant time period:'"** The objection is without merit. Mr. Hardy's statements are foundational and provides the basis for his expert opinion based on his knowledge, skill, experience, training, and education, all of which is permissible under Federal Rule of Evidence 702.

**Opposition to objection to "The portion of Mr. Hardy's third conclusion**

**that begins with 'and we know' and ends with 'switchblades:'"** The objection is without merit. Mr. Hardy's statements are foundational and provide the basis for his expert opinion, based on his knowledge, skill, experience, training, and education, all of which is permissible under Federal Rule of Evidence 702.

**Opposition to objection to "The portion of Mr. Hardy's fourth conclusion that begins with 'rendering' and ends with 'ratification.'"** The objection is without merit. Mr. Hardy's statements are foundational and provide the basis for his expert opinion, based on his knowledge, skill, experience, training, and education, all of which is permissible under Federal Rule of Evidence 702.

April 15, 2024                           Respectfully submitted,

                                         DILLON LAW GROUP, APC

                                         /s/ John W. Dillon_____
                                         John W. Dillon