ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General
JANE REILLEY
Deputy Attorney General
KATRINA UYEHARA
Deputy Attorney General
State Bar No. 349378
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone:  (916) 210-7867
  Fax:  (916) 324-8835
  E-mail:  Katrina.Uyehara@doj.ca.gov
*Attorneys for Defendant Rob Bonta, in his
official capacity as Attorney General of the
State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KNIFE RIGHTS, INC., ELIOT KAAGAN, JIM MILLER, GARRISON HAM, NORTH COUNTY SHOOTING CENTER, INC., and PWGG L.P.,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**CALIFORNIA ATTORNEY GENERAL ROB BONTA,**<br><br>Defendant. | 3:23-cv-00474-JES-DDL<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Dept:        4B<br>Judge:       The Honorable James E. Simmons, Jr.<br>Trial Date:  None set<br>Action Filed: March 15, 2023 |

1

1   TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF

2   RECORD:

3   　　PLEASE TAKE NOTICE that Defendant Rob Bonta, in his official capacity

4   as Attorney General of the State of California, submits the following notice of

5   supplemental authority in support of Defendant's pending motion for summary

6   judgment and in opposition to Plaintiffs' pending motion for summary judgment:

7   *United States v. Rahimi*, 602 U.S. ___, 144 S. Ct. 1889 (2024).

8   　　In *Rahimi*, by an 8-1 vote, the Supreme Court rejected a Second Amendment

9   challenge to 18 U.S.C. § 922(g)(8)(C)(i), which prohibits individuals subject to

10   certain domestic violence restraining orders from possessing a firearm.  144 S. Ct.

11   at 1903.  *Rahimi* reiterated that "'the right secured by the Second Amendment is not

12   unlimited,'" does not "sweep indiscriminately," and is "not a right to keep and carry

13   any weapon whatsoever."  *Id*. at 1897.  The Court recognized that "some courts

14   have misunderstood the methodology of *New York State Rifle & Pistol Ass'n v.*

15   *Bruen*, 597 U.S. 1 (2022), and *District of Columbia v. Heller*, 554 U.S. 570 (2008),

16   which "were not meant to suggest a law trapped in amber."  *Id*.  It criticized the

17   Fifth Circuit (and the dissenting Justice) for committing the "error[]" of "read[ing]

18   *Bruen* to require a 'historical twin' rather than a 'historical analogue.'"  *Id*. at 1903;

19   *see also id*. at 1925 (Barrett, J., concurring) ("[I]mposing a test that demands overly

20   specific analogues has serious problems.").

21   　　The Court also explained that "the appropriate analysis involves considering

22   whether the challenged regulation is consistent with the principles that underpin our

23   regulatory tradition."  *Id*. at 1898 (majority opinion); *see also id*. at 1925 (Barrett,

24   J., concurring) ("'Analogical reasoning' under *Bruen* demands a wider lens:

25   Historical regulations reveal a principle, not a mold.").  In ascertaining those

26   principles, moreover, it is appropriate to consider post-ratification laws and

27   practices.  *See, e.g.*, *id*. at 1900 (majority opinion); *id*. at 1916 (Kavanaugh, J.,

28

1  concurring) ("post-ratification history" can "be important for interpreting vague
2  constitutional text and determining exceptions to individual constitutional rights").

3      Applying the appropriate methodology, the *Rahimi* Court had "no trouble
4  concluding" that the historical analogues invoked by the government were
5  sufficient to justify the challenged law, *id*. at 1902 (majority opinion), even though
6  those analogues were "by no means identical" to section 922(g)(8)(C)(i), *id*. at
7  1902; *see also id* at 1897-98 ("[T]he Second Amendment permits more than just
8  those regulations identical to ones that could be found in 1791."). Among those
9  analogues, the Court relied on territorial regulations, which confirms they are
10  appropriately relied on in *Bruen*'s historical analysis. *Id*. at 1900 (citing *Bruen*, 597
11  U.S. at 56 & n.23).

12      In her concurrence, Justice Barrett outlined two "serious problems" with an
13  overly strict approach to *Bruen*'s historical analysis: (1) it "forces 21st-century
14  regulations to follow late-18th-century policy choices, giving us 'a law trapped in
15  amber'" and (2) "it assumes that founding-era legislatures maximally exercised
16  their power to regulate, thereby adopting a 'use it or lose it' view of legislative
17  authority." *Id*. at 1925 (Barrett, J., concurring); *see also id*. at 1905 (Sotomayor, J.,
18  concurring) (recognizing that under the dissent's more rigid approach, "the
19  legislatures of today would be limited not by a distant generation's determination
20  that such a law was unconstitutional, but by a distant generation's determination
21  failure to consider that such a law might be necessary")

22      Here, the principle emerging from the numerous restrictions and prohibitions
23  on dangerous impact and other concealable weapons is that governments may,
24  consistent with the Second Amendment, restrict especially dangerous weapons that
25  imperil public safety, particularly if they are prone to criminal misuse. California
26  Penal Code section 21510's restrictions on certain switchblade knives is consistent
27  with that "common sense" principle. *See id*. at 1901; *see also* Defs.' Mem. in Supp.
28  of Mot. for Summ. J. 11–19 (ECF No. 33-1); Defs.' Opp'n to Pls.' MSJ 15–22.

(ECF No. 36); Defs.' Mot. for Summ. J. Reply 8–9 (ECF No. 37).  The State has identified relevantly similar historical regulations restricting similar dangerous and concealable weapons—namely clubs, billy clubs, slungshots, sandbags, and bowie knifes—throughout American history.  California's restrictions on switchblades—like its historical predecessors—were enacted in response to an increased use of the concealable, deadly weapons in criminal activity and impose a comparable burden on the right to keep and bear arms.  *See Rahimi*, 144 S. Ct. at 1901-02.  Because section 21510 imposes "similar restrictions for similar reasons" as historical regulations on concealable weapons, it readily passes constitutional muster.  *Id*. at 1898 (majority opinion).

Dated:  July 17, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General
JANE REILLEY
Deputy Attorney General

*/s/ Katrina Uyehara*
KATRINA UYEHARA
Deputy Attorney General
*Attorneys for Defendant Rob Bonta, in his official capacity as Attorney General of the State of California*

# CERTIFICATE OF SERVICE

Case Name:    ***Knife Rights, Inc., et al. v.***        No.    **3:23-cv-00474-JES-DDL**
              ***California Attorney General Rob***
              ***Bonta, et al.***

I hereby certify that on <u>July 17, 2024,</u> I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 17, 2024</u>, at Oakland, California.

| | |
|---|---|
| Shontane Adams | *Shontane Adams* |
| Declarant | Signature |

SA2023301419
91858631.docx